IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZACHARY DISANTIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TD BANK, N.A.<br><br>　　　　　　Defendant. | :<br>:<br>:<br>: Case No. 1:20-CV-10088-RMB-KMW<br>:<br>: **JOINT DISCOVERY PLAN**<br>:<br>: |

1. **Attorneys of Record:**

   Gregg L. Zeff                              Louis L. Chodoff
   Eva E. Zelson                              Emily J. Daher
   ZEFF LAW FIRM LLC                          BALLARD SPAHR LLP
   100 Century Parkway, Suite 160             210 Lake Drive East, Suite 200
   Mt. Laurel, NJ 08054                       Cherry Hill, NJ 08002
   856-778-9700                               856-761-3400

   *Attorney for Plaintiff,*                  *Attorneys for Defendant*
   *Zachary DiSantis*                         *TD Bank, N.A.*

2. **Brief description of the case, including causes of action and defenses asserted.**

   **Plaintiff's Statement of the Case:**

   Plaintiff Zachary DiSantis, a former TD Bank employee, filed a two count Complaint against TD Bank alleging disability discrimination under the New Jersey Law Against Discrimination ("NJLAD") (Count One), and retaliation under NJLAD for allegedly complaining of discrimination during his employment (Count Two).

   DiSantis is a person with a disability, and, in 2016, began to be frequently harassed by a supervisor. The harassment was severe, and included a supervisor telling DiSantis to "kill himself". DiSantis reported the discrimination, and was told by TD Bank's corporate office that he should not complain. DiSantis thereafter applied for multiple promotions, and was denied these promotions in retaliation for his complaint. All promotions were awarded to candidates who were less qualified. DiSantis made complaints regarding the retaliation he was facing.

   In March of 2018, DiSantis witnessed an altercation wherein an employee of

Defendant used "the c-word" to refer to a female customer. DiSantis reasonably believed this constituted gender discrimination, and made a formal complaint about the incident. In May of 2018, DiSantis took medical leave in relation to his disability. When DiSantis returned to work, he was terminated because of his disability and his complaints about disability and gender discrimination. Defendant's stated reasons for terminating DiSantis are pretextual—DiSantis did not make the error alleged by Defendant, and instead made a minor error for which other employees were not even disciplined, let alone terminated.

**Defendant's Statement of the Case:**

TD Bank terminated Plaintiff's employment on August 23, 2018, for violation of TD Bank Wire Transfer Policy. On April 24, 2018, Plaintiff submitted an international wire transfer to eight recipients in foreign currency, rather than US currency as the customer had requested. The error resulted in a loss to the Bank of nearly $15,000. During the investigation of Plaintiff's error, Plaintiff applied for FMLA leave. At the conclusion of the investigation, TD Bank made the decision to terminate Plaintiff's employment due to the policy violation, Plaintiff's carelessness, lack of accountability by Plaintiff for the error, and amount of loss to the Bank. TD Bank advised Plaintiff of the termination of his employment when he returned from leave on August 23, 2018.

TD Bank denies Plaintiff's allegations that his termination was pretext for disability discrimination and retaliation for complaints of discrimination or asserting rights under the NJLAD to take a medical leave of absence for his alleged disability. TD Bank further denies Plaintiff's baseless allegation that in 2016 a co-worker told him he should "kill himself." Plaintiff did allege to his supervisor in 2016 that when he was going outside for a cigarette, a co-worker commented "ya! go outside and kill yourself." Plaintiff complained that the comment was "inappropriate and offensive," but at no point did he claim it was discriminatory based on an alleged disability, or in any other manner. Therefore, Plaintiff did not engage in protected activity. Further, the employee he alleges made the comment vehemently denies the allegation. Finally, any promotion decisions made by TD Bank in 2017 after Plaintiff made the false allegation were based on legitimate, non-retaliatory reasons, specifically, Plaintiff was not the most qualified applicant for the position; and, Plaintiff's claims based on those allegations fall outside the applicable statute of limitations. TD Bank further denies Plaintiff's allegation that he complained of gender discrimination. An incident did occur involving a drunk, upset customer that said the "c" word. Plaintiff and another employee called the police. Plaintiff did not make any complaint of gender discrimination based on the incident.

Plaintiff was terminated for a legitimate, non-discriminatory and non-retaliatory reason – he completed a wire transfer in the wrong currency, contrary to the instruction from the customer, thus violating TD Bank policy. Plaintiff's error demonstrated carelessness in performing his duties resulting in a nearly $15,000

loss to the bank and Plaintiff did not take accountability for his error.
Consequently, Defendant made the decision to terminate Plaintiff's employment.

**3.      Settlement Discussions**

Plaintiff anticipates making an initial demand within two weeks of the date of this Joint Discovery Plan.

**4.      The parties have met pursuant to Fed.R.Civ.P. 26(f):** October 1, 2020

**5.      Exchange of information required by Fed.R.Civ.P. 26(a)(1):** Plaintiff provided his Initial Disclosures on September 25, 2020.  Defendant will provide Initial Disclosures by October 22, 2020.

**6.      A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems.**
There have been no discovery problems to date.

**7.      The parties have not conducted discovery yet in this matter.**

**8.      Proposed Joint Discovery Plan:**

   **(a)   Discovery is needed on the following subjects:** The factual claims and defenses in the case.

   **(b)   Discovery should not be conducted in phases or be limited to particular issues.**

   **(c)   Proposed schedule:**

      **(1)   Fed. R. Civ. P. 26 Disclosures:** October 22, 2020

      **(2)   E-Discovery conference pursuant to L. Civ. R. 26.1(d):** October 1, 2020

      **(3)   Service of initial written discovery:** November 5, 2020

      **(4)   Maximum of  25 Interrogatories by each party to each other party.**

      **(5)   Maximum of  10 depositions to be taken by each party.**

      **(6)   Motions to amend or to add parties to be filed by:** February 22, 2021

      **(7)   Factual discovery to be completed by:** June 22, 2021

      **(8)   Plaintiff's damages expert report due on:** Thirty days after disposition of any dispositive motions.

      **(9)**    **Defendant's damages expert report due on:** Thirty days after the deadline for Plaintiff's damages expert report.

      **(10)**    **Damages expert depositions to be completed by:** Thirty days after service of Defendant's damages expert report.

      **(11)**    **Dispositive motions to be filed by:** August 23, 2021

  **(d)**    **Set forth any special discovery mechanism or procedure requested.**

    None anticipated.

  **(e)**    **A pretrial conference may take place on:** 30 days after disposition of any motions for summary judgment.

  **(f)**    **Trial date:** To be determined at the discretion of the Court following the outcome of dispositive motions. A jury trial is requested.

**9.**    **Special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)**
The parties reserve the right to videotape depositions.

**10.**    **A statement regarding any issues about disclosure of electronically stored information, including the form or forms in which it should be produced.**
The parties do not anticipate any issues about disclosure of electronically stored information. The parties will produce all electronically stored information in its native format. If producing the data in its native format is not reasonably feasible or would present the data in a form in which it would be unable to view, then the parties may produce the data in some other reasonably usable form

**11.**    The parties do not anticipate any discovery problems not listed above.

**12.**    The parties agree the case is appropriate for voluntary mediation.

**13.**    This case is not appropriate for bifurcation.

**14.**    An interim status/settlement conference (with clients in attendance) should be held: To be determined at the discretion of the Court following close of fact discovery or at the request of the parties.

**15.**    The parties do not consent to the trial being conducted by a Magistrate Judge.

**16.     The parties do not anticipate any other issues that need to be addressed at the Rule 16 Conference.**

s/*Eva E. Zelson*
Eva E. Zelson
ZEFF LAW FIRM LLC
100 Century Parkway, Suite 160
Mt. Laurel, NJ 08054
856-778-9700

*Attorney for Plaintiff,*
*Zachary DiSantis*

Dated:  October 1, 2020

s/*Emily J. Daher*
Louis L. Chodoff
Emily J. Daher
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
856-761-3400

*Attorneys for Defendant TD Bank*